UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANNY BARRERA,

                Petitioner,

       -against-

NEW YORK STATE,
                Respondent.
----------------------------------------------------------------X

OPINION & ORDER
15-CV-6283(JFB)

JOSEPH F. BIANCO, District Judge:

Petitioner Danny Barrera ("petitioner"), appearing *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of this petition and, for the reasons set forth below, has determined that because the petition seeks to challenge his recent criminal conviction in the Nassau County Court, Criminal Term, under criminal docket number 13111/15, it is unexhausted. Accordingly, the petition is *sua sponte* dismissed without prejudice.

## BACKGROUND

Petitioner challenges his custody in connection with a criminal prosecution in Nassau County Court, Criminal Term. Petitioner does not provide any information concerning the criminal charges underlying his petition, nor does he allege whether he has been convicted. According to the information maintained by the New York State Unified Court System on its public electronic docket, petitioner was arrested on June 24, 2015 and, on November 16, 2015, he pled guilty to false personation (N.Y. Penal Law § 190.23) and aggravated unlicensed operation of a vehicle (N.Y. Vehicle & Traffic Law §511.1A). *See* https://iapps.courts.state.ny.us/webcrim (last visited on Dec. 22, 2015). The docket reflects that petitioner was sentenced to a 90 days term of incarceration.

## DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Henry*, 2011 WL 319935, at *1 (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1)(B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, petitioner has recently pled guilty and does not allege to have appealed his constitutional claim to the highest state court having jurisdiction. Given that petitioner has not yet exhausted his state court remedies, which is required prior to the filing of a petition under § 2254, the petition is dismissed without prejudice. *See* 28 U.S.C. § 2254; *Henry*, 2011 WL 319935, at *2 (citing *Haynes v. Fiorella*, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted her state court remedies)); *see also Lynch v. DeMarco*, 11-CV-4708, 2011 WL 6097737, *2 (E.D.N.Y. Dec. 1, 2011) (dismissing *sua*

*sponte* unexhausted § 2254 petition) (citations omitted); *see also* R. 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (noting that if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge must dismiss the petition). Moreover, the dismissal is without prejudice to the filing of a civil complaint pursuant to 42 U.S.C. § 1983 should petitioner wish to pursue a claim concerning the conditions of his confinement.

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice as it is unexhausted. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to close the case.

SO ORDERED.

s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: December 29, 2015
Central Islip, New York

3